**IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH
CENTRAL DIVISION**

| | |
|---|---|
| **SECURITIES AND EXCHANGE COMMISSION,** | **MEMORANDUM DECISION & ORDER** |
| **Plaintiff,** | **Case No. 2:14-cv-00309-RJS-DBP** |
| **v.** | **United States District Court Judge Robert J. Shelby** |
| **AMERICAN PENSION SERVICES INC.,** a Utah Corporation and **CURTIS L. DeYOUNG**, an individual, | **Magistrate Judge Dustin Pead** |
| **Defendants.** | |

This matter is before the court pursuant to a 42 U.S.C § 636(b)(1)(A) referral from

District Court Judge Robert Shelby (doc. 25).

Currently pending is the Receiver Diana A. Thompson's (the "Receiver") September 4,

2014, "Motion To Compel Michael D. Memmott Jr. and Michael D. Memmott Sr. To Respond

To Subpoenas Duces Tecum And For Order To Show Cause" (doc. 197).  After careful review of

the parties' memoranda and related documents, the Court concludes that oral argument would not

materially assist in the determination of this matter.  *See* DUCivR 7-1(f).

## BACKGROUND

The Receiver asserts that non-parties Michael D. Memmott Jr. ("Memmott Jr.") and

Michael D. Memmott Sr. ("Memmott Sr.") (collectively, the "Memmotts") "have been intimately

connected with Curtis DeYoung and his illicit operations of APS." (doc. 197, p.3).

Consequently, on June 5, 2014, the Receiver served a Subpoena to Produce Documents,

Information, and other Objects on Memmott Jr. (doc. 197-1, p.8) and on June 6, 2014, on

Memmott  Sr. (doc. 197-1 p.24), requiring them to produce "[a]ll documents, communications, and correspondence" relating to APS and its employees, Curtis DeYoung Entities, and Memmott Entities along with any other information regarding real estate or business ventures involving the Memmotts, Curtis DeYoung or APS (doc. 197-1, p.14, p.30).  Thereafter, on July 3, 2014, Memmott Jr. and Memmott Sr. were served with subpoenas to appear for depositions scheduled for July 15, and July 16, 2014, respectively (doc. 197-5 ).

In response to the document subpoenas, Memmott Sr. produced a one page "Hold Harmless and Indemnification Agreement" entered into between the Memmotts and Curtis DeYoung on April 21, 2014 (doc. 107-2, p.2), and Memmott Jr. produced a compact disc containing some eight hundred (800) pages of documents bates labeled APS000001-APS000800 (doc. 197-3).

Regarding their depositions, either through counsel or by direct communication with the Receiver, the Memmotts requested that alternative deposition dates be scheduled.  After agreeing to re-schedule dates, the Receiver asserts that Memmott Jr.'s deposition was scheduled for August 21, 2014,[1] and Memmott Sr.'s deposition was scheduled for September 25, 2014.

Memmott Jr. failed to appear for deposition on August 21, 2014 (doc. 197-10).[2]

Thereafter, on September 4, 2014, the Receiver filed her pending motion seeking to compel the Memmotts' production of documents responsive to the subpoenas, and requesting an

---

[1]As addressed further below, Memmott Jr. disputes that his deposition was re-scheduled for August 21, 2014, arguing that the Receiver's confusion regarding depositions dates stems from her failure to distinguish between those dates relating to Memmott Sr.'s deposition and those dates relating to Memmott Jr's deposition (doc. 230).

[2]*See* Affidavit of Non-Appearance.  Of note, on September 25, 2014, Memmott Sr. appeared for his scheduled deposition.

order to show cause as to why Memmott Jr. should not be held in contempt for failure to appear at his August 21, 2014 deposition (doc. 197).  In addition, the Receiver requests reimbursement of all costs and expenses associated with the motion to compel and Memmott Jr.'s non-appearance at the deposition.

On October 2, 2014, attorney John P. Bagley entered a notice of appearance on behalf of the Memmotts and filed an opposition to the Receiver's motion mounting both substantive and procedural challenges to the subpoenas (doc. 230).

On October 6, 2014, the court received a letter from Louise Tobey, a physician's assistant at Utah Cancer Specialists, advising the court that Memmott Jr. is terminally ill and unable to participate in any legal activities.

In response, the Receiver expressed her sympathy regarding Memmott Jr.'s medical condition, but requested that the court move forward with the pending motion in order to expeditiously secure information related to the recovery of misappropriated monies (doc. 232).

## LEGAL STANDARDS

The motion before the court relates to the discovery process.  "The district court has broad discretion over the control of discovery, and [the Tenth Circuit] will not set aside discovery rulings absent an abuse of that discretion."  *Sec. & Exch. Comm'n v. Merrill Scott & Assocs., Ltd.,* 600 F.3d 1262, 1271 (10th Cir. 2010) (quotations and citations omitted).

Pursuant to Rule 45 of the Federal Rules of Civil Procedure, a non-party witness may be compelled by the issuance of a subpoena to produce documents or appear and testify at a deposition.  *See* Fed. R. Civ  P. 45(a)(1)(iii).  "At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order

compelling production or inspection."  Fed. R. Civ. P. 45(d)(2)(B)(i).   In addition, Rule 45(g) allows the court to "hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it."   Fed. R. Civ. P. 45(g).

A non-party may object to the subpoena by filing a motion to quash or to modify.  *See* Fed. R. Civ. P. 45(d)(3).

ANALYSIS

**The Receiver's Motion To Compel**

The Receiver's motion to compel challenges the Memmotts' productions asserting that it "strains credulity" to conclude that Memmott Sr.'s one page Indemnification Agreement and that Memmott Jr.'s compact disc lacking any information related to the structure, ownership, and finances of Memmott Entities, are comprehensive or fully responsive to the subpoenas (doc. 197-3).

The Memmotts respond by challenging the subpoenas on both procedural and substantive grounds including; (1) the Receiver failed to give notice to other parties, (2) the Receiver failed to personally serve Memmott Jr., (3) the Memmotts have produced all relevant documents in their possession, and (4) the production requests are unduly burdensome (doc. 230).  The court addresses each of these challenges herein.

**1.  Notice To Other Parties**

The Memmotts contend, and the Receiver does not dispute, that the Receiver failed to provide notice to other parties prior to the issuance of the subpoenas and in violation of federal rule 45.  In support, the Memmotts cite to two cases where a non-party subpoena was quashed based upon a failure to provide prior notice to all parties.  *See Firefighters' Institute for Racial*

*Equality v. City of St. Louis,* 220 F.3d 898, 903 (8th Cir. 200) (finding Rule 45(b)(1) requires

Plaintiff to serve Defendant "with prior notice of commanded production of documents" from

non-parties); *Fla. Media, Inc. v. World Publ'ns, LLC,* 236 F.R.D. 693, 695 (M.D. Fla. 2006)

(holding that prior notice "to other parties is satisfied when notice is given simultaneously with

the service of the subpoena")).

        Federal Rule of Civil Procedure 45(a)(4) states:

> If the subpoena commands the production of documents,
> electronically stored information, or tangible things or the inspection
> of premises before trial, then before it is served on the person to
> whom it is directed, a notice and a copy of the subpoena must be
> served on each party.

Fed. R. Civ. P. 45(a)(4); *see also* DUCivR 45-1 ("The notice of issuance of subpoena with a copy

of the proposed subpoena that is (i) directed to a nonparty, and (ii) commands production of

documents and things or inspection of premises before trial shall be served on each party as

prescribed by Fed. R. Civ. P. 45(b)(1)).   While the Memmotts are correct that Rule 45 requires

prior notice, any claim of a failure to provide notice is an objection available to a party to the

case and not to a non-party who was subpoenaed.[3]  Alternatively, any objection that the

Memmotts mount based upon a failure to provide notice was waived to the extent that the

Memmotts responded to the document subpoenas in July 2014.


     **2. Personal Service On Memmott Jr.**

---

[3]A party has standing to challenge a subpoena to a nonparty through a motion to quash if it claims a personal right or privilege in the information sought by the subpoena.  *See HDSherer LLC v. Natural Molecular Testing Corp.,* 292 F.R.D. 305 (D.S.C. 2013) (citation omitted); *Parker v. Four Seasons Hotels, Ltd.,* 291 F.R.D. 181, 186 (N.D. Ill. 2013) (citations omitted).

Next, Memmott Jr. asserts that he was not personally served and therefore the subpoena should be quashed. Rule 45 requires delivery of a copy of the subpoena to the named person. *See* Fed. R. Civ. P. 45(b)(1). Rule 5, more specifically addresses service and states, in relevant part:

> A paper is served under this rule by:
>
> > (A) directly handing it to the person;
> >
> > (B) leaving it;
> >
> > > (i) at the person's office with a clerk or other person in charge or, if no one is in charge, in a conspicuous place in the office; or
> > >
> > > (ii) if the person has no office or the office is closed, at the person's dwelling or usual place of abode with someone of suitable age and discretion who resides there;

Fed. R. Civ. P. 5(b)(2)(A)(B)(i-ii).

On June 5, 2014, the document subpoena was served on Memmott Jr.'s spouse and co-resident who verified that Memmott Jr. lived at the designated residence (doc. 232-1). Accordingly, because the subpoena was served at Memmott Jr.'s dwelling and left with an individual of suitable age and discretion, the court finds that service of the subpoena was proper.

### 3. Compliance With Document Requests

On more substantive grounds, the Memmotts argue that they have made good faith efforts to comply with the subpoenas and have produced all relevant documents in their control and possession. The Receiver counters that based upon the Memmotts' relationship with APS and the Receiver's own review of documents, "it is simply not credible" for the Memmotts to assert

6

compliance (doc. 232, p.6-7).

Each document subpoena contains thirteen separate requests for production, generally seeking "all document, communications, and correspondence" relating to APS and its employees, Curtis DeYoung  and Memmott Entities (doc. 197-1, p.15, 30).  The specific requests seek detailed information relating to the structure and ownership of Memmott Entities (Request For Production 4), financial accounts and assets owned by Memmott Entities (Request For Production 5), payments, loans and asset transfers between Memmott Entities and APS and/or Curtis DeYoung Entities (Request For Production 9), disks, hard drives, and other electronic devices capable of storing documents and information related to APS Entities (Request For Production 10), and bank statements, accounting and tax documents related to Memmott Entities and APS Entities (Request For Production 11).

Given the complex business relationships of these parties and the scope of the production requests, the court is struck by the startlingly few documents that the Memmotts have provided. Memmott Sr. produced a single page document, the contents of which only highlight the existence of a complex business relationship between the Memmotts and Curtis DeYoung. While Memmott Jr. produced a greater number of actual documents, a review of those documents reveals the absence of previously identified key documentation or information relating to the structure, ownership, control or finances of "more than thirty entities in which the Memmotts were associated. . . and in which funds from APS were either wired or otherwise transferred. . . ." (doc. 197, p.5).

Despite these apparent deficiencies, the Memmotts assert they do not have any additional documentation responsive to the Receiver's requests.  Accordingly, the court hereby orders the

7

Memmotts to individually identify each request and provide a signed affidavit indicating that they have produced all relevant documents related thereto.

### 4. Unduly Burdensome

Finally, the Memmotts assert that as non-parties to this action they are entitled to "protections from unjust intrusions into their personal lives" and that the Receiver's request for production of all documents relating to the Memmotts' assets is unduly burdensome (doc. 230, p.4). A court is required to quash or modify a subpoena that subjects an individual to an undue burden. *See* Fed. R. Civ. P. 45(d)(3)(A)(iv). Further, pursuant to Fed. R. Civ. P. 26(c), a court "may limit. . . 'discovery methods otherwise permitted'. . . if it concludes that 'the burden or expense of the proposed discovery outweighs its likely benefit.'" Fed. R. Civ. P. 26(c)(iii).

Upon review, the court agrees with the Memmotts contention that Request For Production Number 5, in both document subpoenas, is unduly burdensome because the Receiver seeks all documentation relating to all assets of non-party Memmotts, regardless of any connection with Curtis DeYoung or APS Entities.[4] Accordingly, consistent with this court's ability to modify a subpoena under Rule 45, the court limits Request For Production Number 5 to information regarding Memmott Entities as it relates to or has relevance to Curtis DeYoung and/or APS Entities. Generally, the Receiver's other requests appear to be similarly limited and the court finds such modification to be appropriate here as well.

For these reasons, and with the limitations set forth herein, the court grants the Receiver's

---

[4]Request For Production 5 seeks: "All documents, communications, anc correspondence relating to any and all assets owned or controlled by You and/or the Memmott Entities, including but not limited to real property, personal property, financial accounts held with banks or other financial institutions, stock certificates, certificates of deposit, securities, foreign currencies, credit card accounts, etc. (doc. 197-1, p.15, p.31).

motion to compel in part and denies it in part.

**Order To Show Cause**

Given the information provided to the court regarding Memmott Jr.'s declining health and what the Memmotts characterize as the Receiver's confusion surrounding the scheduling of the August 21, 2014, deposition, the court declines the Receiver's invitation to hold Memmott Jr. in contempt for his failure to appear.  That said, the court recognizes the Receiver's interest in obtaining relevant information from Memmott Jr., and instructs the parties to proceed as set forth below.

The Receiver's motion for an order to show cause is denied.

**Attorney Fees And Costs**

As a final matter, the Receiver requests all costs and expenses associated with the unsuccessful deposition of Memmott Jr., in addition to all reasonable expenses and costs associated with filing the motion to compel.  Pursuant to rule 37(a)(5)(A) of the Federal Rules of Civil Procedure, if a motion to compel is granted "the court must, after giving an opportunity to be heard, require the party or deponent whose conduct necessitated the motion, the party or attorney advising that conduct, or both to pay the movant's reasonable expenses incurred in making the motion, including attorney's fees."  Fed. R. Civ. P. 37(a)(5)(A).   However, that rule also  provides, in relevant part, that "the court must not order this payment if. . . the opposing party's nondisclosure, response, or objection was substantially justified. . . or . . . other circumstances make an award of expenses unjust."  Fed. R. Civ. P. 37(a)(5)(A)(ii-iii).

Here, given the unique circumstances surrounding this case, including the rapidly declining health of Memmott Jr., the court is not persuaded that at this juncture an award is

appropriate and accordingly that portion of the Receiver's motion is denied.  The Receiver may, however, re-visit the issue as the Receiver sees necessary based upon the Memmotts' productions, if any, in response to this court's order.


**ORDER**

1.  The Receiver's Motion To Compel is granted in part and denied in part.  The Memmotts are hereby ORDERED to fully respond to the subpoenas at issue and the court reminds them of their continuing duty to supplement.

2.  To the extent that the Memmotts assert they have fully complied with the Receiver's subpoenas and have no additional responsive information, they are EACH ORDERED to file an affidavit with the court attesting thereto as to each specific request by November 14, 2014.

3.  The Receiver's request for an order to show cause as to Memmott Jr. is denied.

3.  The Receiver's request for attorney fees is denied.

5.  The Court recognizes the challenges surrounding Memmott Jr.'s deposition, given his declining health.  Accordingly, the court schedules a telephone conference for **November 4, 2014, at 1:30 p.m.**  At such time, the parties should be prepared to discuss the circumstances surrounding Memmott Jr's declining health and how to facilitate obtaining information from him.

Instructions on appearing telephonically shall be sent by email to counsel prior to the hearing date.

**IT IS SO ORDERED.**

DATED the 31st day of October, 2014.

BY THE COURT:

Dustin B. Pead
U.S. Magistrate Judge

11