IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH
CENTRAL DIVISION

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION,<br><br>Plaintiff,<br><br>v.<br><br>AMERICAN PENSION SERVICES INC., a Utah Corporation and CURTIS L. DeYOUNG, an individual,<br><br>Defendants. | MEMORANDUM DECISION & ORDER<br><br>Case No. 2:14-cv-00309-RJS-DBP<br><br>United States District Court Judge Robert J. Shelby<br><br>Magistrate Judge Dustin Pead |

This matter is before the court pursuant to a 28 U.S.C. § 636(b)(1)(A) referral from District Court Judge Robert Shelby (doc. 25). Currently before the court is Kim R. Wilson's ("Mr. Wilson") motion to intervene, on behalf of himself and the Kim R. Wilson IRA, as interested parties in the pending receivership proceeding (doc. 251). After careful review of the parties' memoranda and related documents, the Court concludes that oral argument would not materially assist in the determination of this matter. *See* DUCivR 7-1(f). Accordingly, the court now rules as set forth herein.

I.  BACKGROUND

The relevant facts are as follows. On April 24, 2014, the Securities and Exchange Commission initiated the above entitled action against Defendants American Pension Services Inc. ("APS") and Curtis DeYoung ("DeYoung") (collectively "Defendants"), alleging that DeYoung misappropriated approximately $24 million of APS client assets (doc. 1). That same day, the court appointed Diana A. Thompson as the Receiver (the "Receiver") to, among other

things, "manage, control, operate and maintain the Receivership Estates" (doc. 9, p.5).

Mr. Wilson and his deceased wife Vicky S. Wilson ("Ms. Wilson") maintained individual retirement accounts with APS for over twenty five (25) years, the assets of which consist solely of ownership of a single parcel of unimproved real property (doc. 251); *see also* APS Account Statements (doc. 346, exhibits A and B).  Upon the death of Ms. Wilson, Mr. Wilson succeeded to the interests of his wife and such assets became part of the holdings of Kim R. Wilson IRA.

On October 20, 2014, Mr. Wilson filed his pending motion to intervene (doc. 251). Shortly thereafter, on November 6, 2014, the Receiver filed her opposition asserting that intervention should be denied because Mr Wilson failed to include a pleading as required under rule 24(c) and failed to meet the requirements for intervention of right pursuant to rule 24(a)(2) (doc. 325).

## II.  ANALYSIS

As an initial matter, the Receiver contends that Mr. Wilson's motion should be denied because he failed, in conjunction with his motion, to either file a pleading or adopt a pleading of an existing party.  Mr Wilson counters that his response and objection to the Receiver's Proposed Plan of Liquidation constitutes "a substantially sufficient 'pleading' for [purposes of] intervention" (doc. 346, p.3).

Federal Rule of Civil Procedure 24(c) states:

> A motion to intervene must be served on the parties as provided in Rule 5. The motion must state the grounds for intervention and be accompanied by a pleading that sets out the claim or defense for which intervention is sought.

2

*See* Federal Rule of Civil Procedure 24(c).[1]  The purpose of the rule is to provide information to the court and "place the other parties on notice of the claimant's position, the nature and basis of the claim asserted, and the relief sought by the intervenor." *Dillard v. City of Foley,* 166 F.R.D. 503, 506 (M.D. Ala. 1996);[2] *see also, Wasson v. Am. Eagle Inv. Co., LLC.,* 2006 U.S. Dist. LEXIS 3144, *3 (citing *Miami County Nat'l. Bank v. Bancroft*, 121 F.2d 921, 926 (10th Cir. 1941) (the purpose of the rule "is to enable the court to determine whether the applicant has the right to intervene.")).

Here, the court concludes that Mr. Wilson's motion adequately provides notice of the specific legal and factual basis for his claim.  Consequently, the court waives any procedural defect related to Mr. Wilson's failure to file a pleading in conjunction with his motion and shall proceed to the merits of his request for intervention.

Mr. Wilson moves to intervene as a matter of right pursuant to Federal Rule of Civil Procedure 24(a)(2).

Federal Rule of Civil Procedure 24(a)(2) states,

On timely motion, the court must permit anyone to intervene who:

> (1) is given an unconditional right to intervene by a federal statute; or

---

[1] Pursuant to Federal Rule of Civil Procedure 7(a), those pleadings allowed include:  (1) a complaint; (2) an answer to a complaint; (3) an answer to a counterclaim designated as a counterclaim; (4) an answer to a crossclaim; (5) a third-party complaint; (6) an answer to a third-party complaint; and (7) . . . a reply to an answer.  *See* Fed. R. Civ. P. 7(a).

[2] The *Dillard* court also noted that the pleading requirement "is of particular importance when intervention is for purposes of appeal only, because the parties have no opportunity to engage in fact-finding or to elicit further explanation of the proposed intervenors' position and claims before their own appellate briefs must be filed." *Dillard v. City of Foley,* 166 F.R.D. at 506.  Such is not the case here as Mr. Wilson's moves to intervene in the underlying receivership proceeding and not on appeal.

> (2) claims an interest relating to the property or transaction that is the subject of the action, and is so situated that disposing of the action may as a practical matter impair or impede the movant's ability to protects its interest, unless existing parties adequately represent that interest.

*See* Fed. R. Civ. P. 24(a)(2). The Tenth Circuit "generally follows a liberal view in allowing intervention under Rule 24(a)." *Elliot Indus. Ltd. P'ship v. BP Am. Prod. Co.,* 407 F.3d 1091, 1103 (10th Cir. 2005). In reliance upon the rule, courts have determined that four main requirements for intervention of right exist:

> (1) the application is timely, (2) the applicant claims an interest relating to the property or transaction which is the subject of the action, (3) the applicant's interest may be impaired or impeded, and (4) the applicant's interest is not adequately represented by existing parties.

*Id.* at 1103; *see also* Fed. R. Civ. P. 24(a)(2). The court examines each of these factors as they apply to Mr. Wilson.

**1. Timely Application**

The timeliness of an application for a motion to intervene "is assessed in light of all the circumstances, including the length of time since the applicant knew of his interest in the case, prejudice to the existing parties, prejudice to the applicant, and the existence of any unusual circumstances." *Utah Ass'n. of Counties v. Clinton,* 255 F.3d 1246, 1250 (10th Cir. 2001) (citations omitted). An application is not deemed untimely merely because of the passage of time, instead "the important question concerns actual proceedings of substance on the merits." 6 Moore's Federal Practice § 24.21 [1], at 83-84 (3d ed. 2008).

The Receiver does not dispute the timeliness of Mr. Wilson's application and the court, finding no prejudice to any of the parties based thereon, concludes that Mr. Wilson's application

for intervention was timely filed.

### 2. Interest Relating To Property Or Transaction

Due to the inherent difficulty in defining a specific type of interest necessary for intervention,[3] courts generally determine "whether an applicant's interest is sufficient by applying the policies underlying the 'interest' requirement to the particular facts of the case." *Rosebud Coal Sales Co. v. Andrus,* 644 F.2d 849, 850 (10th Cir. 1981) (per curiam); *see also, Allard v. Frizzell,* 536 F.2d 1332, 1333 (10th Cir. 1976) ("to qualify for intervention under Rule 24(a), the 'interest' asserted in the subject of the litigation must be a specific legal or equitable one")).

Here Mr. Wilson contends, and the Receiver does not dispute, that he is the owner of assets held in an APS account currently administered by the Receiver. Based thereon, the court concludes that Mr. Wilson has demonstrated a sufficient interest in the underlying litigation to meet this requirement for intervention.

### 3. Interest Is Impaired Or Impeded

Next, in order to intervene under Rule 24(a)(2), Mr. Wilson must "demonstrate that the disposition of this action may as a practical matter impair or impede [his] ability to protect [his] interest." *Utah Ass'n. of Counties v. Clinton,* 255 F.3d 1246, 1253 (10th Cir. 2001). This element requires a would be intervenor to show that impairment of a "substantial legal interest is possible if intervention is denied." *Id.* at 1253 (quoting *Grutter v. Bollinger,* 188 F.3d 394, 399 (6th Cir. 1999). Mr. Wilson asserts impairment based upon the Receiver's alleged failure to

---

[3] *See* C. Wright, Law of Federal Courts 370 (3rd ed. 1976) ("There is as yet no consensus about the kind of 'interest' that the would-be intervenor must have.").

recognize the unique nature of his assets and his disagreement with the Receiver's liquidation plan which proposes to assess Mr. Wilson's interest in a sum equal to ten percent of its value (doc. 346, doc. 360).

Upon review, the Court concludes that Mr. Wilson has not provided the court with sufficient evidence of an impairment to his legal interests to justify intervention.  While Mr. Wilson may disagree with the Receiver's liquidation plan, his conflict with the Receiver's proposal for loss allocation and assessments do not correlate with an impairment of his legal interests.[4]  Furthermore, despite Mr. Wilson's claim that his assets are unique, in actuality, he is similarly situated with other APS clients who also elected to hold real property and made cash contributions to their accounts for payment of property related expenses (docs. 325-1, 325-2).[4]

Accordingly for these reasons, the court concludes that Mr. Wilson's interests are not impaired by the Receivership.

### 4.  Interests Represented By The Receiver

Under the fourth requirement for intervention, Mr. Wilson must establish that his interests are not adequately represented by the existing parties.  *See Utah Ass'n of Counties v. Clinton,* 255 F.3d at 1246, 1254 (10th Cir. 2001).  In support of his claim of inadequate

---

[4] On December 5, 2014, the Receiver submitted a "Proposed Modified Plan of Liquidation" setting forth a plan for the "orderly allocation of the loss pro rata among current APS clients" (doc. 360, p. 8).  Specifically, the Receiver seeks to "maximize the return to APS clients while allowing APS clients to move forward with a new administrator/custodian in a timely fashion without the constraints created by this Receivership." (doc. 360, p. 9). Under the Receiver's plan Mr. Wilson is provided a forum to assert claims and present his arguments regarding deviation from the Plan (doc. 360, p.58).

[4] APS acts as a third party administrator to approximately 5,500 clients with self-directed retirement accounts.  *See* Second Quarterly Status Report of the Receiver (doc. 311, pg. 4-5).

representation, Mr. Wilson argues that the Receiver "obviously is adverse to his interests" and that there is no representative body to speak for the account holders (doc. 251, p.3; doc. 346).

Upon review, the court finds that Mr. Wilson fails to establish that his interests are not represented by the Receiver. Other than a generalized claims of discomfort, Mr. Wilson provides no specific evidence of the Receiver's adversity, collusion or nonfeasance. *See Moosehead Sanitary Dist. v. S.G. Phillips Corp.,* 610 F.2d 49, 54 (1st Cir. 1979) (indicating that to overcome the presumption of adequate representation party "ordinarily must demonstrate adversity of interest, collusion, or nonfeasance"). And, while such evidence is not required, Mr. Wilson must allege something more compelling than mere speculation of adversity or a difference in liquidation and loss allocation strategies between himself and the Receiver. *Id.* at 54.

Ultimately, the goal of the Receiver is to protect the interests of all APS clients, including Mr. Wilson. Understandably, Mr. Wilson advocates for an asset distribution strategy that provides him with absolute satisfaction. The Receiver, however, has been charged with the duty of providing a fair and equitable distribution of the assets for all APS clients. Thus, the Receiver's obligation to protect the interests of *all* APS clients cannot be used to support a claim of inadequate representation with respect to Mr. Wilson's own individual interests.

For the reasons stated, the court finds that Mr. Wilson fails to meet all four requirements for intervention of right under Federal Rule of Civil Procedure 24(a)(2). A failure to satisfy any one of the requirements is grounds for denial of the application. *See Utah v. Kennecott Corp.*, 232 F.R.D. 392, 395 (D. Utah 2005) (citing, *U.S. v. Pitney Bowes, Inc.,* 25 F.3d 66, 70 ) (2nd Cir. 1994)).

Accordingly, Mr. Wilson's motion to intervene is hereby denied.

**IT IS SO ORDERED.**

DATED the 9th day of January, 2015.

BY THE COURT:

_____
Dustin B. Pead
U.S. Magistrate Judge