IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH
CENTRAL DIVISION

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION,<br><br>      Plaintiff,<br><br>v.<br><br>AMERICAN PENSION SERVICES INC., a Utah Corporation and CURTIS L. DeYOUNG, an individual,<br><br>      Defendants. | MEMORANDUM DECISION & ORDER<br><br>Case No. 2:14-cv-00309-RJS-DBP<br><br>United States District Court<br>Judge Robert J. Shelby<br><br>Magistrate Judge Dustin Pead |

  This matter is before this court pursuant to a 28 U.S.C. § 636(b)(1)(A) referral from District Court Judge Robert Shelby (doc. 25).  Currently pending is John Richard Hauley, William A. Bustos, Cecilia Bustos, Maria L. Bustos, Kelli S. Thomas, James R. Kessi, Ellen Kessi, Hoard Combs, Megan Combs, Arlon W. Elmer, Cindy J. Elmer and Patricia A. Firth (collectively, "Movants") "Motion To Intervene" as interested parties in the underlying receivership proceeding (doc. 362).

  After careful review of the parties' memoranda and related documents, the Court concludes that oral argument would not materially assist in the determination of this matter.  *See* DUCivR 7-1(f).

## I. BACKGROUND

  The relevant facts are as follows.  On April 24, 2014, the Securities and Exchange Commission ("S.E.C.") initiated the above entitled action against Defendants American Pension Services Inc. ("APS") and Curtis DeYoung ("DeYoung") (collectively "Defendants"), alleging

that DeYoung misappropriated approximately $24 million of APS client assets (doc. 1). That same day, the court appointed Diana A. Thompson as the Receiver (the "Receiver") to, among other things, "manage, control, operate and maintain the Receivership Estates" (doc. 9, p. 5).

Movants are owners of Independent Retirement Accounts ("IRAs") that own pooled interests in real estate held by Millenia Investment Corporation (doc. 362). Eight of the Movants (John Richard Hauley, William Bustos, Cecilia Bustos, Maria Bustos, Kelli Thomas, Meghan Combs, Arlon Elmer and Cindy Elmer) assert that they owned interests prior to the involvement of APS and "the assets of these IRAs were rolled over to First Utah Bank as custodian and APS as administrator" with no monies being transferred to the APS master cash account (doc. 362, p. 2). The remaining four movants (James Kessi, Ellen Kessi, Howard Combs and Patricia Firth) transferred monies to APS that were used to purchase the Millenia real estate interests by First Utah Bank. *Id.*

On August 22, 2014, the Receiver filed her "Proposed Plan of Liquidation" suggesting an allocation of loss proportionately among all APS clients (doc. 186). The proposal also designated a process under which the parties were allowed to submit written objections to the proposed plan (doc. 186, p. 41). Consistent therewith, on October 20, 2014, Movants served the Receiver with their "Response to Plan of Liquidation" objecting to, among other things, the Receiver's loss allocation theory which they allege improperly seeks to recover property and assets from third parties who owe nothing to the Receivership Estate (doc. 362-1). On November 4, 2014, the Receiver provided copies of all objections, including Movants' objections, to the Court.

Thereafter, on December 5, 2015, the Receiver filed a "Modified Plan of Liquidation"

(doc. 360). Concerned that the modified plan failed to address their interests, on December 9, 2014, Movants filed their pending motion asserting that intervention is warranted because the Receiver's interests are adverse to their own (doc. 362).

On December 17, 2014, District Court Judge Shelby held a hearing at which time he addressed the Receiver's proposed amended liquidation plan and invited comments from interested parties (doc. 393). Counsel for Movants, attorney Matt Muir, was given an opportunity to be heard and raised the arguments set forth in Movants' motion. At the conclusion of the hearing, the District Court invited further comments and requested that, based upon the information provided, the Receiver submit a second proposed liquidation plan for the Court's consideration. *Id.*

On December 24, 2014, the Receiver filed an opposition[1] to Movants' motion asserting that intervention should be denied on the grounds that: (A) Movants fail to include a pleading as required under rule 24(c); (B) S.E.C. enforcement actions are an improper forum for private litigants; and (C) Movants fail to meet the requirements for intervention of right pursuant to rule 24(a)(2) (doc. 379). Each of these arguments is addressed below.[2]

## II. ANALYSIS

**A. Federal Rule of Civil Procedure 24(c)**

---

[1] Movants filed a reply thereto on January 12, 2015 (doc. 397).

[2] This court recently issued a Memorandum Decision and Order denying Kim R. Wilson's ("Mr. Wilson") "Motion To Intervene" (doc. 394). The court's inquiry regarding intervention is fact specific and as a result its analysis with regard to Movant's motion is distinct from the analysis conducted with respect to Mr. Wilson's motion. However, because the underlying legal rules and principles surrounding intervention remain the same the court adopts and refers to portions of its prior Memorandum Decision and Order herein.

As an initial matter, the Receiver contends that Movants' application for intervention should be denied because they fail, in conjunction with their motion, to either file a pleading or adopt a pleading of an existing party.

Federal Rule of Civil Procedure 24(c) states:

> A motion to intervene must be served on the parties as provided in Rule 5. The motion must state the grounds for intervention and be accompanied by a pleading that sets out the claim or defense for which intervention is sought.

*See* Federal Rule of Civil Procedure 24(c).[3] The purpose of the rule is to provide information to the court and "place the other parties on notice of the claimant's position, the nature and basis of the claim asserted, and the relief sought by the intervenor." *Dillard v. City of Foley,* 166 F.R.D. 503, 506 (M.D. Ala. 1996);[4] *see also Wasson v. Am. Eagle Inv. Co., LLC.,* 2006 U.S. Dist. LEXIS 3144, *3 (*citing Miami County Nat'l. Bank v. Bancroft*, 121 F.2d 921, 926 (10th Cir. 1941) (the purpose of the rule "is to enable the court to determine whether the applicant has the right to intervene.")).

Here, the court concludes that Movants' motion and objection to the Receiver's proposed liquidation plan provides adequate notice of the specific legal and factual bases for their claim. Consequently, the court hereby waives any procedural defect related to Movants' failure to file a

---

[3] Pursuant to Federal Rule of Civil Procedure 7(a), those pleadings allowed include: (1) a complaint; (2) an answer to a complaint; (3) an answer to a counterclaim designated as a counterclaim; (4) an answer to a crossclaim; (5) a third-party complaint; (6) an answer to a third-party complaint; and (7) . . . a reply to an answer. *See* Fed. R. Civ. P. 7(a).

[4] The *Dillard* court also noted that the pleading requirement "is of particular importance when intervention is for purposes of appeal only, because the parties have no opportunity to engage in fact-finding or to elicit further explanation of the proposed intervenors' position and claims before their own appellate briefs must be filed." *Dillard v. City of Foley,* 166 F.R.D. at 506. Such is not the case here as Mr. Wilson's moves to intervene in the underlying receivership proceeding and not on appeal.

pleading in conjunction with their motion.

### B. Securities Exchange Act Section 21(g)

Next, the Receiver asserts that Section 21(g) of the Securities Exchange Act of 1934 bars Movants' motion for intervention. Section 21(g) of the Act states:

(g) Consolidation of actions; consent of Commission

> Notwithstanding the provisions of section 1407(a) of Title 28, or any other provision of law, no action for equitable relief instituted by the Commission pursuant to the securities laws shall be consolidated or coordinated with other actions not brought by the Commission, even though such actions may involve common questions of fact, unless such consolidation is consented to by the Commissioner.

*See* 15 U.S.C § 78u(g) (2002). In reliance thereon, the Receiver contends that absent the Commissioner's consent, Movants' motion for intervention is barred. In support of her argument, the Receiver also directs the Court to *S.E.C. v. Novus Technologies, LLC,* where a Utah District Court denied JP Morgan Chase Bank's ("Chase Bank") motion to intervene in a S.E.C. enforcement action. 2008 WL 115114 (D. Utah Jan.10, 2008). Upon review, however, this court concludes that the *Novus* court's decision to deny intervention was not based upon Section 21(g). Instead, the court relied upon the absence of common issues of law and fact and concerns with potential complications as grounds for the denial of intervention. *Id.* at *4; Federal Rule of Civil Procedure 24(b)(2) (allowing intervention when "an applicant's claim or defense and the main action have a question of law or fact in common.").

Upon consideration, this court agrees with *Novus* and finds that the plain language of the Section 21(g) does not act as an automatic bar to Movant's motion for intervention. Specifically, "the legislative history, the plain language of the statute and Rule 24(b) do not support the SEC's

5

position that Section 21(g) is an absolute bar to intervention." *Id.* at *3; *see also S.E.C. v. Kings Real Estate Investment Trust,* 222 F.R.D. 660 (D. Kan. 2004) (noting a split circuits, but concluding that "Section 21(g) does not automatically preclude intervention in S.E.C. enforcement actions.").

Accordingly, the court proceeds to address the substance of Movants' application pursuant to federal rule 24(a)(2).

### C. Federal Rule of Civil Procedure 24(a)(2)

Movants seek to intervene as a matter of right pursuant to Federal Rule of Civil Procedure 24(a)(2).

Federal Rule of Civil Procedure 24(a)(2) states,

> On timely motion, the court must permit anyone to intervene who:
>
> (1) is given an unconditional right to intervene by a federal statute; or
>
> (2) claims an interest relating to the property or transaction that is the subject of the action, and is so situated that disposing of the action may as a practical matter impair or impede the movant's ability to protect its interest, unless existing parties adequately represent that interest.

*See* Fed. R. Civ. P. 24(a)(2). The Tenth Circuit "generally follows a liberal view in allowing intervention under Rule 24(a)." *Elliot Indus. Ltd. P'ship v. BP Am. Prod. Co.,* 407 F.3d 1091, 1103 (10th Cir. 2005). In reliance upon the rule, courts have determined that four main requirements for intervention of right exist:

> (1) the application is timely, (2) the applicant claims an interest relating to the property or transaction which is the subject of the


>   action, (3) the applicant's interest may be impaired or impeded,
>   and (4) the applicant's interest is not adequately represented by
>   existing parties.

*Id.* at 1103; *see also* Fed. R. Civ. P. 24(a)(2). The court examines each of these factors as they apply to the Movants.

### 1. Timely Application

The timeliness of an application for intervention "is assessed in light of all the circumstances, including the length of time since the applicant knew of his interest in the case, prejudice to the existing parties, prejudice to the applicant, and the existence of any unusual circumstances." *Utah Ass'n. of Counties v. Clinton,* 255 F.3d 1246, 1250 (10th Cir. 2001) (citations omitted). An application is not deemed untimely merely because of the passage of time, instead "the important question concerns actual proceedings of substance on the merits." 6 Moore's Federal Practice § 24.21 [1], at 83-84 (3d ed. 2008).

The Receiver argues that Movants' motion is untimely because it was filed after the Receiver received (doc. 362-2), and considered, the Movants' objections to her proposed liquidation plan (doc. 362-1). Movants counter that their application is timely since the motion is designed to seek a proper forum within which they may present their arguments (doc. 397).

Upon consideration, the court determines that Movants' application for intervention was timely filed. In so concluding, the court finds that there is no undue delay or prejudice to the parties and that Movant's application was made prior to any formal court approval of the Receiver's proposed liquidation plan.

### 2. Interest Relating To Property Or Transaction

Due to the inherent difficulty in defining a specific type of interest necessary for

intervention,[5] courts generally determine "whether an applicant's interest is sufficient by applying the policies underlying the 'interest' requirement to the particular facts of the case." *Rosebud Coal Sales Co. v. Andrus,* 644 F.2d 849, 850 (10th Cir. 1981) (per curiam); *see also, Allard v. Frizzell,* 536 F.2d 1332, 1333 (10th Cir. 1976) ("to qualify for intervention under Rule 24(a), the 'interest' asserted in the subject of the litigation must be a specific legal or equitable one")). Here, Movants contend, and the Receiver does not dispute, that they have an interest in this proceeding. Movants assert that the Receiver's proposed plan of liquidation seeks to impose liability and alter their rights under their respective IRAs.

Based thereon, the court concludes that Movants demonstrate a sufficient protectable interest in the underlying litigation to meet this requirement for intervention.

### 3. Interest Is Impaired Or Impeded

Next, in order to intervene under Rule 24(a)(2), Movants must "demonstrate that the disposition of this action may as a practical matter impair or impede [their] ability to protect [their] interest." *Utah Ass'n. of Counties v. Clinton,* 255 F.3d 1246, 1253 (10th Cir. 2001). This element requires would be intervenors to show that impairment of a "substantial legal interest is possible if intervention is denied." *Id.* at 1253 (*quoting Grutter v. Bollinger,* 188 F.3d 394, 399 (6th Cir. 1999). Movants assert that the Receiver's proposed plan impairs their interests by liquidating their IRAs and forcing them to pay the Receivership Estate. Additionally, Movants contend that there are insufficient due process protections in place to ensure that they have an opportunity to be heard (doc. 397).

---

[5] *See* C. Wright, Law of Federal Courts 370 (3rd ed. 1976) ("There is as yet no consensus about the kind of 'interest' that the would-be intervenor must have.").

Upon review, the Court concludes that Movants have not provided the court with sufficient evidence of impairment to justify intervention. As an initial matter, for purposes of intervention, the Movants' interests are not considered impaired or impeded solely because they disagree with the Receiver's proposed liquidation plan. Additionally, the Receiver and the District Court have put in place adequate procedures to ensure that Movants have the ability to protect their claimed interests. *See Commodity Futures Trading Com. v. Chilcott Portfolio Management,* 725 F.2d 584, 586 (10th Cir. 1984) (denying intervention and concluding "claims procedures set up by the Receiver will permit [potential intervenor] to protect his claimed interest in the assets presently under the control of the Receiver."). Pursuant to the claim procedures, Movants have had an opportunity to raise their objections to the proposed liquidation plan and, as a result thereof, issues have been clarified regarding loss allocation, financial penalties and applicable exemptions. Moreover, the procedures are ongoing as after the December 17, 2014, hearing, the District Court requested that the Receiver make modifications to the proposed plan, based upon the comments and arguments received, and provide a second proposed liquidation plan for the Court to consider (doc. 393).[6]

For these reasons, the court is unable to conclude that Movants' interests are impaired by the Receivership.

### 4. Interests Represented By The Receiver

Under the fourth requirement for intervention, Movants must establish that their interests are not adequately represented by the existing parties. *See Wild Earth Guardians v. United States*

---

[6]Additionally, Movants were allowed to present their arguments in favor of intervention before the District Court at a court hearing held on December 17, 2014 (doc. 393).

*Forest Serv.,* 573 F.3d 992, 996 (10th Cir. 2009); *Utah Ass'n of Counties v. Clinton,* 255 F.3d at 1246, 1254 (10th Cir. 2001). Courts have held that "[t]he intervention test is not met when the applicant presents only a difference in strategy." *SEC v. TLC Invs. & Trade Co.,* 147 F. Supp. 2d 1031, 1042 (C.D. Cal. 2001) (*citing Northwest Forest Res. Council,* 82 F.3d 825, 838 (9th Cir. 1996)). Here, Movants claim that the Receiver's interests are adverse because the proposed plan supports a theory of loss allocation under which the Movants are required to pay for the losses of other APS clients (doc. 362).

Upon review, the court finds that Movants fail to establish that their interests are not adequately represented by the Receiver. While Movants disagree with the proposed liquidation plan, the conflict is properly characterized as one of strategy as opposed to a conflict with the goal of preserving interests and maximizing distributions to all APS clients. *See Northwest Forest Res. Council v. Glickman,* 82 F.3d 825, 838 (9th Cir. 1996) (citations omitted) (where parties have "the same ultimate objective, a presumption of adequacy of representation arises."). As aptly noted by the District Court in *SEC v. TLC Invs. & Trade Co.*, "[i]n any situation in which the pie is limited, each individual desiring a slice of that pie is, in a sense, adverse to others also wanting a slice of the pie." 147 F. Supp. 2d at 1042. Thus, while Movants interest in the proverbial "pie" may differ from the interests of others wanting a slice, such adversity does not amount to proof of the Receiver's inadequate representation.

To the contrary, in this case the Receiver has reviewed Movants' objections to the original liquidation plan, considered those objections, presented those objections to the court[7]

---

[7] The Movants' objections were provided to the District Court in both written form and orally at the December 17, 2014, hearing when Judge Shelby allowed Movants' an opportunity to be heard (doc. 393).

10

and attempted to clarify and further address Movants' concerns (doc. 356, ¶26-29, doc., 379) (noting that certain Movants may fall within Category 2(f) entitled "Account Exempt Because Funded in Kind—Never Any Cash in Mater Trust Account").  Such efforts do not evidence adversity, collusion or nonfeasance by the Receiver.  *See Moosehead Sanitary Dist. v. S.G. Phillips Corp.,* 610 F.2d 49, 54 (1st Cir. 1979) (to overcome presumption of adequate representation a party "ordinarily must demonstrate adversity of interest, collusion, or nonfeasance").

Additionally, Movants admit that their "fundamentally diverse views" from those of the Receiver may be sufficiently addressed in the second amended proposed plan of liquidation to be submitted by the Receiver to the court (doc. 396, p. 4).

Based thereon, the court finds that Movants have not met their burden of showing that the Receiver has not and will not continue to adequately represent their interests.

### III.  ORDER

Accordingly, for the reasons now stated, the court finds that Movants fail to meet all four requirements for intervention of right under Federal Rule of Civil Procedure 24(a)(2).  A failure to satisfy any one of the requirements is grounds for denial of the application. *See Utah v. Kennecott Corp*., 232 F.R.D. 392, 395 (D. Utah 2005) (*citing U.S. v. Pitney Bowes, Inc.,* 25 F.3d 66, 70 ) (2nd Cir. 1994)); *see also CFTC v. Heritage Capital Advisory Serv.,* 736 F.2d 384, 386 (7th Cir. 1984))*.*

Accordingly, Movants' motion to intervene is hereby denied.

**IT IS SO ORDERED.**

DATED the 20th day of January, 2015.

BY THE COURT:

Dustin B. Pead
U.S. Magistrate Judge