IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH

CENTRAL DIVISION

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION,<br><br>Plaintiff,<br><br>v.<br><br>AMERICAN PENSION SERVICES INC., a Utah Corporation and CURTIS L. DeYOUNG, an individual,<br><br>Defendants. | MEMORANDUM DECISION & ORDER<br><br>Case No. 2:14-cv-00309-RJS-DBP<br><br>United States District Court Judge Robert J. Shelby<br><br>Magistrate Judge Dustin Pead |

This matter is before the court pursuant to a 42 U.S.C § 636(b)(1)(A) referral from District Court Judge Robert Shelby (doc. 25).

After careful review of the parties' memoranda and related documents, the Court concludes that oral argument would not materially assist in the determination of this matter. *See* DUCivR 7-1(f). Accordingly, the court now rules as set forth herein.

I.  BACKGROUND

On December 5, 2014, Defendant Curtis L. DeYoung ("DeYoung") served a subpoena duces tecum on Diane A. Thompson as the Receiver (the "Receiver") for American Pension Services ("APS"), seeking:

> All insurance policies issued to American Pension Services, Inc. by The Hartford, Chubb Group of Insurance Companies, or any other entity

(doc. 376-1). In response, the Receiver filed a motion to motion to quash, arguing that the

insurance information requested is protected because disclosure could hinder her ability to pursue assets and repay defrauded APS clients (doc. 376).  DeYoung counters that the Receiver fails to articulate a proper basis to quash and clarifies that his interest in the information is limited to "an investigation of any potential that the policies may cover DeYoung's expenses" (doc. 389, p. 3).

## II.  ANALYSIS

Federal Rule of Civil Procedure 45 states that a court must quash or modify a subpoena that "requires disclosure of privileged or other protected matter, if no exception or waiver applies".  *See* Fed. R. Civ. P. 45(3)(A)(iii).  Here, the Receiver asserts that the subpoena should be quashed because the insurance information requested by DeYoung is "protected" and disclosure would hinder the Receiver's ability to recover assets.  Upon consideration, the court disagrees.

In his opposition, DeYoung openly admits that he seeks to review the information to determine if he is entitled to any policy funds which he may then use to cover his expenses associated with this case.  While the Receiver objects to DeYoung's use of any insurance policy funds, allowing DeYoung to conduct a review of the policies is distinguishable from a determination that he is, in fact, entitled to funds under the policies.  And, while the Receiver argues that the use of insurance policy funds to confer a financial benefit on DeYoung is in direct contravention of the Receivership Order, the court finds such argument to be premature.  At this juncture, DeYoung has made no claim under the policies and the Receiver fails to establish how merely providing the information for DeYoung's review would impede her ability to recover receivership estate assets.

### III.  ORDER

Accordingly, for the reasons now stated, the Receiver's motion to quash is DENIED (doc. 376).  The Court concludes that the Receiver's motion to quash is not frivolous and, as a result, DeYoung's request for an award of expenses incurred is also DENIED.

DATED the 29th day of January, 2015.

BY THE COURT:

_____
Dustin B. Pead
U.S. Magistrate Judge