IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH

CENTRAL DIVISION

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION,<br><br>      Plaintiff,<br><br>v.<br><br>AMERICAN PENSION SERVICES INC., a Utah Corporation and CURTIS L. DeYOUNG, an individual,<br><br>      Defendants. | MEMORANDUM DECISION & ORDER<br><br>Case No. 2:14-cv-00309-RJS-DBP<br><br>United States District Court Judge Robert J. Shelby<br><br>Magistrate Judge Dustin Pead |

This matter is before the court pursuant to a 42 U.S.C § 636(b)(1)(A) referral from District Court Judge Robert Shelby (doc. 25).

After careful review of the parties' memoranda and related documents, the Court concludes that oral argument would not materially assist in the determination of this matter. *See* DUCivR 7-1(f). Accordingly, the court now rules as set forth herein.

**I. PENDING MOTION**[1]

On February 25, 2015, George Allen (Movant) filed his "Motion For Release Of Funds" requesting equitable release from the "Order Appointing Receiver, Freezing Assets and Other Relief" (Freeze Order) entered on April 24, 2014 (doc. 9). Movant asserts that the receivership

---

[1] Because Movant filed his motion prior to entry of the District Court's "Amended Modified Plan of Liquidation," the court waives application of the specific procedures, set forth therein, to be utilized by any party seeking judicial review of the Receiver's actions. *See* "Amended Modified Plan of Liquidation," Section 16: Judicial Oversight of Plan Implementation (doc. 458-1).

freeze has imposed a significant hardship on him since he is unable to take distributions and meet his financial obligations.  As a result, Movant proposes that he transfer the required 10% or $51,215.87 holdback, in exchange for release of his remaining funds.  In the alternative, Movant requests a distribution in the amount of $51,215.87.

The Receiver opposes Movant's motion, arguing it is in violation of the liquidation plan, not authorized under the Clarifying Order and not feasible given that Movant's account lacks sufficient funds to make the requested distribution (doc. 468).

While sympathetic to Movant's hardship, the court approved Plan of Liquidation sets forth a specific and controlled procedure for "freeing" clients from the Receivership Order. Consistent therewith, the Receiver is currently in the process of expeditiously implementing the transfer of client accounts and introducing Equity Trust as the successor administrator and custodian.  To bypass that process and elevate Movant's hardship over the hardship of other investors is contrary to the plan and the Court declines Movant's invitation to do so.  Further, Movant's requested transaction is not authorized under the Clarifying Order (doc. 79) which specifies the limited circumstances under which the Receiver may manage APS and authorize transactions requested by APS clients.

## II.  ORDER

For the reasons now stated, Movant's Motion For Release Of Funds is hereby DENIED (doc. 452) and Movant is directed to proceed consistent with the court approved Plan of Liquidation (doc. 458).

DATED the 23rd day of March, 2015.

BY THE COURT:

_____
Dustin B. Pead
U.S. Magistrate Judge