# IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH
## CENTRAL DIVISION

| | |
|---|---|
| **SECURITIES AND EXCHANGE COMMISSION,** | **MEMORANDUM DECISION & ORDER** |
| **Plaintiff,** | **Case No. 2:14-cv-00309-RJS-DBP** |
| **v.** | **United States District Court Judge Robert J. Shelby** |
| **AMERICAN PENSION SERVICES INC., a Utah Corporation and CURTIS L. DeYOUNG**, an individual, | **Magistrate Judge Dustin Pead** |
| **Defendants.** | |

Currently pending before this court is Franklin American Mortgage Company's (Franklin) motion to intervene (ECF No. 753.)[1] Franklin seeks intervention for the purpose of foreclosing on a loan made to Curtis and Michelle DeYoung (Defendants) secured by real property located as 12231 South 1950 East, Draper, Utah (Draper Property).[2] Franklin asserts Defendants have defaulted on the terms of loan and on that basis seeks to intervene in this action (the SEC Action). The Receiver has not filed an opposition to the motion.

---

[1]This case is before the court pursuant to a 28 U.S.C. § 636(b)(1)(A) referral from District Court Judge Robert Shelby (ECF No. 25.)

[2]The loan was secured by a Deed of Trust executed by Defendants with Mortgage Electronic Registration Systems, Inc. (MERS) as the named beneficiary. On October 16, 2014, MERS executed a Notice of Assignment of Beneficial Interest of Deed of Trust transferring the beneficial interest in the Trust to Franklin (ECF No. 753, p. 31.)

Federal Rule of Civil Procedure 24(a)(2) states:

On timely motion, the court must permit anyone to intervene who:

> (1) is given an unconditional right to intervene by a federal statute; or
>
> (2) claims an interest relating to the property or transaction that is the subject of the action, and is so situated that disposing of the action may as a practical matter impair or impede the movant's ability to protects its interest, unless existing parties adequately represent that interest.

*See* Fed. R. Civ. P. 24(a)(2). The Tenth Circuit "generally follows a liberal view in allowing intervention under Rule 24(a)." *Elliot Indus. Ltd. P'ship v. BP Am. Prod. Co.,* 407 F.3d 1091, 1103 (10th Cir. 2005). In reliance upon the rule, courts have determined that four main requirements for intervention of right exist:

> (1) the application is timely, (2) the applicant claims an interest relating to the property or transaction which is the subject of the action, (3) the applicant's interest may be impaired or impeded, and (4) the applicant's interest is not adequately represented by existing parties.

*Id.* at 1103; *see also* Fed. R. Civ. P. 24(a)(2). The court examines each of these factors as they apply to Franklin.

### 1. Timely Application

The timeliness of an application for a motion to intervene "is assessed in light of all the circumstances, including the length of time since the applicant knew of his interest in the case, prejudice to the existing parties, prejudice to the applicant, and the existence of any unusual circumstances." *Utah Ass'n. of Counties v. Clinton,* 255 F.3d 1246, 1250 (10th Cir. 2001) (citations omitted). Franklin's motion is timely filed. The motion was filed after the court issued

its "Findings of Fact, Conclusions of Law, and Order on Joint Stipulated Motion and Memorandum To Approve Settlement" wherein the Receiver determined there is no equity in the Draper Property and it will add no value to the Receivership Estate (ECF No. 701.)[3] Further, Franklin is not a party to the SEC action and there is no prejudice to any of the parties in permitting Franklin to intervene.

### 2. Interest Relating To Property Or Transaction

Due to the inherent difficulty in defining a specific type of interest necessary for intervention, courts generally determine "whether an applicant's interest is sufficient by applying the policies underlying the 'interest' requirement to the particular facts of the case." *Rosebud Coal Sales Co. v. Andrus,* 644 F.2d 849,850 (10th Cir. 1981) (per curiam); *see also, Allard v. Frizzell,* 536 F.2d 1332, 1333 (10th Cir. 1976) ("to qualify for intervention under Rule 24(a), the 'interest' asserted in the subject of the litigation must be a specific legal or equitable one")).

Here, Franklin has a legitimate interest in the Draper Property by virtue of the note and trust deed executed by Defendants and assigned to Franklin. Thus, Franklin demonstrates a sufficient interest in the underlying litigation for purposes of intervention.

### 3. Interest Is Impaired Or Impeded

Next, in order to intervene under Rule 24(a)(2), Franklin must "demonstrate that the disposition of this action may as a practical matter impair or impede [its] ability to protect [its]

---

[3]Based upon the Receiver's forensic analysis, the Draper Property is encumbered by the Franklin mortgage in the amount of $600,300.00 and a Heritage West Credit Union mortgage in the amount of $143,700.00 for a total combined debt of $744,000.00 secured by the Draper Property. The appraisal reflects the property has a fair market value of $630,000.00. As a result, the Receiver determines there is no equity in the Draper Property and it will add no value to the Receivership Estate (ECF No. 701.)

interest." *Utah Ass'n. of Counties v. Clinton,* 255 F.3d 1246, 1253 (10th Cir. 2001). This element requires a would be intervenor to show that impairment of a "substantial legal interest is possible if intervention is denied." *Id.* at 1253 (quoting *Grutter v. Bollinger,* 188 F.3d 394, 399 (6th Cir. 1999)). In this case, Franklin seeks to intervene to enforce the note and trust deed currently in default. As a result of the freeze order, Franklin is prohibited from enforcement and absent intervention Franklin's interest in the Draper Property may be impaired.

### 4. Interests Represented By The Receiver

Finally, under the fourth requirement Franklin must establish that its interests are not adequately represented by the existing parties. *See Utah Ass'n of Counties v. Clinton,* 255 F.3d at 1246, 1254 (10th Cir. 2001). Here, there are no parties that represent Franklin's interests. The SEC's focus is on litigating the misappropriation of funds, and because Defendants are in default under the loan their interests are in opposition to those of Franklin.

Accordingly, for the reasons stated herein, Franklin meets the requirements for intervention of right under Federal Rule of Civil Procedure 24(a)(2).

Franklin's motion to intervene is hereby granted.

**IT IS SO ORDERED.**

DATED the 7th day of June, 2016.

BY THE COURT:

Dustin B. Pead
U.S. Magistrate Judge

4