Daniel J. Wadley (10358)
wadleyd@sec.gov
Amy J. Oliver (8785)
olivera@sec.gov
Cheryl M. Mori (8887)
moric@sec.gov
Paul N. Feindt (8769)
feindtp@sec.gov
Attorneys for Plaintiff
U.S. Securities & Exchange Commission
351 South West Temple, 6.100
Salt Lake City, Utah 84101
Tel.  801-524-5796

IN THE UNITED STATES DISTRICT COURT
DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION,<br><br>PLAINTIFF,<br><br>v.<br><br>AMERICAN PENSION SERVICES, INC., a Utah Corporation and CURTIS L. DeYOUNG, an individual,<br><br>DEFENDANTS. | FINAL JUDGMENT<br>AS TO AMERICAN PENSION SERVICES, INC.<br><br>Case No.: 2:14-cv-00309<br><br>Judge Robert J. Shelby<br><br>Magistrate Judge Dustin B. Pead |

The Securities and Exchange Commission having filed a Complaint and Defendant American Pension Services, Inc. ("APS" or "Defendant") having entered a general appearance; consented to the Court's jurisdiction over Defendant and the subject matter of this action; consented to the entry of this Final Judgment without admitting or denying the allegations of the Complaint (except as to jurisdiction); waived findings of fact and conclusions of law; and waived any right to appeal from this Final Judgment:

I.

IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that Defendant and Defendant's agents, servants, employees, attorneys, and all persons in active concert or participation with them, prior to the filing of this action on April 24, 2014, who receive actual notice of this Final Judgment by personal service or otherwise are permanently restrained and enjoined from violating, directly or indirectly, Section 10(b) of the Securities Exchange Act of 1934 [15 U.S.C. § 78j(b)] and Rule 10b-5 promulgated thereunder [17 C.F.R. § 240.10b-5], by using any means or instrumentality of interstate commerce, or of the mails, or of any facility of any national securities exchange, in connection with the purchase or sale of any security:

    (a)    to employ any device, scheme, or artifice to defraud;

    (b)    to make any untrue statement of a material fact or to omit to state a material fact necessary in order to make the statements made, in the light of the circumstances under which they were made, not misleading; and

    (c)    to engage in any act, practice, or course of business which operates or would operate as a fraud or deceit upon any person.

II.

IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED that Defendant and Defendant's agents, servants, employees, attorneys, and all persons in active concert or participation with them, prior to the filing of this action on April 24, 2014, who receive actual notice of this Final Judgment by personal service or otherwise are permanently restrained and enjoined from violating Section 17(a) of the Securities Act of 1933 [15 U.S.C. § 77q(a)(2)] in the offer or sale of any security by the use of any means or instruments of transportation or communication in interstate commerce or by use of the mails, directly or indirectly:

     (a)     to employ any device, scheme, or artifice to defraud;

     (b)     to obtain money or property by means of any untrue statement of a material fact or any omission of a material fact necessary in order to make the statements made, in light of the circumstances under which they were made, not misleading; or

     (c)     to engage in any transaction, practice, or course of business which operates or would operate as a fraud or deceit upon the purchaser.

III.

IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED that Defendant is jointly and severally liable, with Defendant Curtis L. DeYoung, for disgorgement of $24,586,593.24, representing profits gained as a result of the conduct alleged in the Complaint, together with prejudgment interest thereon in the amount of $5,391,729.47 for a total amount of $29,978,322.71.  The Court Appointed Receiver shall, pursuant to court order, liquidate and convert into money all assets belonging to the Defendant.  To facilitate the Receiver's identification, marshaling and liquidation of assets of all Defendants, the Order Appointing Receiver, Freezing Assets, and Other Relief ("Docket No. 9") and all extensions and amendments of that Order, imposed pursuant to stipulation, Court order or otherwise, shall remain effective until further order of the Court.  Upon submission of the final accounting prepared by the Receiver and approved by the Court, any disgorgement and/or prejudgment interest not collected at the conclusion of the Receivership shall be waived as to APS only.  The waiver does not apply to Defendant Curtis L. DeYoung's obligation to disgorge funds pursuant to any Final Judgment entered against him.

     The Court shall retain jurisdiction over the administration of any distribution of the funds.

IV.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that this Court shall retain jurisdiction of this matter for the purposes of enforcing the terms of this Final Judgment.

V.

All of the foregoing applies only to activities of the Defendant prior to the date this action was filed on April 24, 2014 and does not apply to any actions of the Receiver, her staff, or her retained professionals, including her counsel.

Dated: July 13, 2018.

_____
Honorable Robert J. Shelby
United States District Judge